FILED
2011 Aug-22 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Y.C. YOUNG;** | ) | |
| | ) | |
| **Plaintiff;** | ) | |
| | ) | **CV-2011-______-__________** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **MIRACLE AUTOMOTIVE GROUP,** | ) | |
| **and JERALD PIPPEN;** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Y.C. Young, by and through his attorney, and for his complaint against Defendant Miracle Automotive Group ("Miracle Auto") and Defendant Jerald Pippen ("Pippen") (collectively sometimes referred to as "Miracle Auto" or "Defendants"), hereby states and alleges, in good faith, as follows:

**INTRODUCTION**

1. This is a case arising from an increasingly common practice in the retail automobile sales industry called "spot delivery" or a "yo-yo sale."

2. Using this practice the dealer sells an automobile to the consumer "on the spot" but intends to string the customer out like a yoyo, and then yank them back in to force them to agree to different terms.

3. The consumer signs all paperwork, receives a certificate of ownership, temporary tags and possession of the automobile. All documents are signed by the consumer and the dealer tells the consumer that everything is approved. The consumer leaves the dealership believing he owns the automobile.

4. The sale is financed by the dealer (as the creditor) on a Retail Installment Sales Contract ("RISC") which the dealer states will be, or has already been, assigned to a third party.

5. As in the present case, the dealer knows that the contracts cannot be sold to the third party, or that the third party has refused to purchase them, and that it will require the consumer to agree to more adverse terms before keeping the vehicle.

6. Many consumers fall prey to this scheme and agree to the adverse terms, but a few object to this fraudulent scheme. When the consumer is then unwilling to sign a new contract on more adverse terms, the dealer then springs the trap that has already been created and seizes the car back. The dealer will seize the car because, despite its verbal and written representations at the time of sale, it failed to submit the executed Certificate of Title to the designated State agency to sign over its title interest in the vehicle.

7. As in the present case, the dealer repossesses the automobile from the consumer.

8. Further, neither the dealer nor the finance company sends the consumer any written notice of adverse action or discloses to the consumer the number of times his credit report was hit while the dealer was trying to prepare the more adverse terms for which the consumer never even applied.

9. This practice violates the federal Equal Credit Opportunity Act (“ECOA”) and the federal Fair Credit Reporting Act (“FCRA”). It also violates the Alabama Motor Vehicle Code, the Alabama Deceptive Practices Act, and constitutes the state law torts of Conversion, Fraud, and Negligence.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court, over this action and the parties herein, arises under the ECOA 15 U.S.C. §1691e(f), FCRA 15 U.S.C. §1681p and 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 139 1(b) and (c) since Defendants do business in this district and a substantial part of the conduct giving rise to the claims occurred in this district.

## PARTIES

12. Plaintiff Y.C. Young is a male citizen of the United States. The Plaintiff, at all times relevant herein, was and is a resident of Jefferson County, Alabama. Plaintiff is a consumer as governed by the ECOA and the FCRA. The

goods which are the subject of this litigation are consumer goods, purchased for family and household purposes.

13. Defendant Miracle Automotive Group, at all times relevant herein, is in the business of selling used vehicles and providing financing for the purchase of used vehicles, with its principal address at 9820 A Parkway E, Birmingham, AL 35215. At all times relevant hereto Miracle Auto was a "creditor" as defined and governed by the ECOA (15 U.S.C. § 1691a(e)).

14. Defendant Jerald Pippen is a male citizen of the United States and, at all times relevant herein, is an agent and/or principal of Defendant Miracle Auto. Defendant Pippen is responsible for the harm alleged herein while acting in his capacity as an individual, agent and/or principal of Defendant Miracle Auto.

## GENERAL ALLEGATIONS

15. Plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out herein below.

16. On or about December 20, 2010, Plaintiff went to Miracle Auto for the purpose of purchasing a vehicle for personal use.

17. Plaintiff selected a used 2008 Chrysler 300 and agreed to purchase it.

18. At that time Plaintiff completed a credit application in order to finance his purchase of the Chrysler.

19. Plaintiff agreed to pay the asking price for the vehicle, and paid $1,700.00 cash as down payment in order to secure purchase of the Chrysler.

20. Plaintiff's purchase of the Chrysler was memorialized in a Retail Installment Sales Contract, inclusive of a Purchase Money Security Agreement, dated December 20, 2010 which both Plaintiff and Defendants signed. **(EXHIBIT A)**

21. Following application for credit by Plaintiff, Miracle Auto accessed and used Plaintiff's consumer credit report for the purpose of determining eligibility for credit.

22. Miracle Auto informed Plaintiff that his credit application had been approved and that it had assigned or sold his contract to "Credit Acceptance Corp."

23. Miracle Auto provided possession of the vehicle to Plaintiff, and on December 21, 2010, also provided Plaintiff with temporary license tags and an Application for Certificate of Title showing that the vehicle had been sold to Plaintiff. **(EXHIBIT B)**

24. Miracle Auto provided possession of the vehicle to Plaintiff by providing Plaintiff with a Bill of Sale showing that the vehicle had been sold to Plaintiff for $17,263.47, with "Credit Acceptance Corp" listed as the Lien Holder for said vehicle. **(EXHIBIT C)**

25. Miracle Auto failed to process the title work for the Chrysler, and did so with the intent to defraud Plaintiff.

26. That notice, given under the requirements of the ECOA, was false and known to be false at the time it was given, and therefore violated the ECOA.

27. Miracle Auto knew or should have known at the time of the transaction that it did not intend to be bound and would treat the deal as conditional or subject to a demand for cash payment.

28. Miracle Auto knew of should have known that at the time of the transaction that it did not intend to be bound and did not treat the deal as having been approved.

29. Miracle Auto told Plaintiff that it had assigned the contract to a third party, namely: "Credit Acceptance Corp".

30. The Retail Installment Sales Contract required Plaintiff make fifty (50) monthly payments of $495.52 beginning on January 19, 2011.

31. Before Plaintiff made the first payment, Miracle Auto contacted Plaintiff and informed him that "the credit application fell through" and demanded Plaintiff return the Chrysler.

32. Plaintiff had already purchased the Chrysler listed for $17,263.47 at an Annual Percentage Rate of 18.99% ($8,022.55) for a TOTAL SALE PRICE of $26,986.02. To keep the vehicle, Plaintiff would have to agree to further adverse

terms, and therefore returned the vehicle after numerous treats from to Miracle Auto.

33. Miracle Auto took possession of the Chrysler from Plaintiff based upon misrepresentations concerning the financing of the Chrysler.

34. Plaintiff asked that Miracle Auto return the money he had put down on the purchase of the Chrysler, $1,700.00 cash, but Miracle Auto refused to refund same to Plaintiff.

35. Miracle Auto took adverse action on Plaintiff's credit application of December 20, 2010.

36. Miracle Auto has never provided Plaintiff an adverse action notice concerning the December 20, 2010 credit application.

37. At the time Miracle Auto took possession of the Chrysler from Plaintiff, it did not have a possessory interest in the Chrysler.

38. As a result of Miracle Auto actions, Plaintiff has been damaged.

## CAUSES OF ACTION

### COUNT I - EQUAL CREDIT OPPORTUNITY ACT

39. Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above with the same force and effect as if fully set out herein below.

40. Following receipt of the completed application for credit by Plaintiff, Miracle Auto was required to make a credit decision within 30 days.

41. Based upon the credit application, Miracle Auto denied Plaintiff credit, or alternatively refused to extend credit on substantially similar terms to those applied for by Plaintiff, or alternatively failed to render its credit decision within 30 days.

42. Plaintiff did not accept any credit from Miracle Auto.

43. Miracle Auto took adverse action for the purposes of the ECOA.

44. Miracle Auto failed to issue the adverse action notice to Plaintiff which the ECOA requires of users of consumer credit reports who take adverse action.

45. Miracle Auto was otherwise required to provide an adverse action notice to Plaintiff.

46. Upon information and belief, Miracle Auto has no policies or procedures in place to comply with the ECOA's adverse action notice.

47. Miracle Auto failed to provide an adverse action notice to Plaintiff. This failure to issue an adverse action notice to Plaintiff constituted a negligent violation of the ECOA, 15 U.S.C. § 1682, by Miracle Auto; alternatively, this failure to issue an adverse action notice constituted a willful violation of the ECOA, 15 U.S.C. § 1682, by Miracle Auto.

48. Miracle Auto has failed to maintain proper records of its credit actions in violation of the ECOA.

49. This failure to properly maintain records constituted a negligent violation of the ECOA, 15 U.S.C. § 1682, by Miracle Auto; alternatively, this failure to properly maintain records constituted a willful violation of the ECOA, 15 U.S.C. § 1682, by Miracle Auto.

50. Plaintiff suffered damages by these violations of the ECOA.

51. Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of Defendants' conduct.

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial, enter judgment against Defendants, and each of them, for actual, liquidated, punitive, statutory damages; equitable relief; for reasonable attorney fees; pre-judgment and post-judgment interest; for the costs of litigation; and for such other and further relief under State and Federal law or, as the Court deems just and appropriate.

**COUNT II - FAIR CREDIT REPORTING ACT**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 above with the same force and effect as if fully set out herein below.

53. The Fair Credit Reporting Act (FCRA), as codified at 15 U.S.C. § 1681 et seq., imposes specific obligations upon users of consumer credit reports.

54. Defendant Miracle Auto is a "person" as defined by the FCRA because it is a corporation as defined in 15 U.S.C. § 1681a(b).

55. Defendant Miracle Auto took adverse action against Plaintiff by denying him credit.

56. Defendant Miracle Auto willfully and/or negligently violated 15 U.S.C. § 1681m by failing to notify Plaintiff of the adverse action in accordance with 15 U.S.C. § 1681m.

57. In addition to the violation of 15 U.S.C. § 1681m(a), if the credit decision was based on information other than information obtained from a credit reporting agency, Defendant Miracle Auto willfully and/or negligently violated the FCRA by failing to provide the notice required by 15 U.S.C. § 1681b.

58. As a result of the above alleged FCRA violations, Plaintiff has suffered substantial actual damages in the loss of his rights to determine the basis for credit denial, the loss of the credit itself, the presence of repeated hits on his credit reports, frustration, anger, humiliation, fear, embarrassment, and other emotional and mental anguish.

59. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorney fees.

60. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

61. As a result of these FCRA violations, Defendant Miracle Auto is liable to Plaintiff for the greater of actual damages suffered or statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), or actual damages pursuant to 15 U.S.C. § 1681o; Defendant Miracle Auto is also liable for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorney fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b).

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial, enter judgment against Defendants, and each of them, for actual, liquidated, punitive, statutory damages; equitable relief; for reasonable attorney fees; pre-judgment and post-judgment interest; for the costs of litigation; and for such other and further relief under State and Federal law or, as the Court deems just and appropriate.

## COUNT III - CONVERSION

62. Plaintiff re-alleges and incorporates by reference paragraphs 1-61 above with the same force and effect as if fully set out herein below.

63. Defendants' conduct complained of herein additionally constitutes conversion, for which Plaintiff is entitled to bring this action.

64. Defendants and each of them have converted to their own use and benefit, the property of the Plaintiff. Plaintiff avers that Defendants converted such property, valued at not less than $17,263.47, recklessly, in knowing violation of the rights of Plaintiff.

65. The taking of Plaintiff's down-payment constituted the tort of conversion.

66. The taking was without legal cause.

67. The conversion was willful, intentional and/or with reckless disregard for the rights and interests of Plaintiff such as to justify an award of the actual value of Plaintiff's property and punitive damages.

68. As a result of the above alleged violations, Plaintiff has suffered substantial actual damages in the loss of his rights under the sale, the time, energy and expense of negotiating the sale and purchasing the automobile, the value of the automobile, its loss of use, costs of cover, other benefits of ownership of the

automobile, his loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial, enter judgment against Defendants, and each of them, for actual, liquidated, punitive, statutory damages; equitable relief; for reasonable attorney fees; pre-judgment and post-judgment interest; for the costs of litigation; and for such other and further relief under State and Federal law or, as the Court deems just and appropriate.

**COUNT IV - ALABAMA DECEPTIVE TRADE PRACTICES ACT**

69. Plaintiff re-alleges and incorporates by reference paragraphs 1-68 above with the same force and effect as if fully set out herein below.

70. This claim is brought pursuant to the Code of Alabama, 1975, § 8-19-1 *et seq*.

71. At the time of the execution of the Sales Agreement, the Defendants had a present intent to deceive and cause Plaintiff to suffer damages. Miracle Auto knew that Plaintiff did not meet the qualifications for its credit offer, knew that it would not be able to sell the contract, and knew that it would require Plaintiff to sign a different contract at more adverse terms for him to be able to keep the Chrysler.

72. Miracle Auto failed to process the Application for Certificate of Title as was executed December 21, 2010, and did so with the intent to defraud Plaintiff.

73. Miracle Auto concealed these facts from Plaintiff and instead misrepresented that the contract had been approved.

74. Plaintiff reasonably relied on the misrepresentations and concealments by Miracle Auto and accepted the contract, signed all the necessary documents, and took possession of the Chrysler.

75. As a result of the above alleged violations, Plaintiff has suffered substantial actual damages in the loss of his rights under the sale, the time, energy and expense of negotiating the sale and purchasing the automobile, the value of the automobile, its loss of use, costs of cover, other benefits of ownership of the automobile, his loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

76. As a result of the above alleged violations, Plaintiff is entitled to statutory and treble damages, attorney fees, and costs as a result of the foregoing.

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial, enter judgment against Defendants, and each of them, for actual, liquidated, punitive, statutory damages; equitable relief; for reasonable attorney fees; pre-judgment and post-judgment interest; for the costs

of litigation; and for such other and further relief under State and Federal law or, as the Court deems just and appropriate.

## COUNT V - FRAUD

77. Plaintiff re-alleges and incorporates by reference paragraphs 1-76 above with the same force and effect as if fully set out herein below.

78. On December 20, 2010 Miracle Auto knew that Plaintiff did not meet the qualifications for its credit offer, knew that it would not be able to sell the contract, and knew that it would require Plaintiff to sign a different contract at more adverse terms for him to be able to keep the Chrysler.

79. Miracle Auto concealed these facts from Plaintiff and instead misrepresented that the contract had been approved.

80. Plaintiff reasonably relied, to his detriment, on the misrepresentations and concealments by Miracle Auto and accepted the contract, signed all the necessary documents, and took possession of the Chrysler.

81. As a result of the above alleged violations, Plaintiff has suffered substantial actual damages in the loss of his rights under the sale, the time, energy and expense of negotiating the sale and purchasing the automobile, the value of the automobile, its loss of use, costs of cover, other benefits of ownership of the automobile, his loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

82. As a result of the above alleged fraud and because it shows reckless or conscious disregard of the Plaintiff's rights sufficient to justify an award of punitive damages, Miracle Auto is liable to Plaintiff for his actual damages, punitive damages, and attorney fees and costs.

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial, enter judgment against Defendants, and each of them, for actual, liquidated, punitive, statutory damages; equitable relief; for reasonable attorney fees; pre-judgment and post-judgment interest; for the costs of litigation; and for such other and further relief under State and Federal law or, as the Court deems just and appropriate.

**COUNT VI – NEGLIGENT MISREPRESENTATION**

83. Plaintiff re-alleges and incorporates by reference paragraphs 1-82 above with the same force and effect as if fully set out herein below.

84. Defendants negligently and/or recklessly misrepresented a material fact to Plaintiff with intent to induce Plaintiff to act thereon and, that Plaintiff did, without knowledge of its falsity, act upon the willful misrepresentation to his detriment.

85. On December 20, 2010 Miracle Auto knew that Plaintiff did not meet the qualifications for its credit offer, knew that it would not be able to sell the

contract, and knew that it would require Plaintiff to sign a different contract at more adverse terms for him to be able to keep the Chrysler.

86. Miracle Auto negligently and/or recklessly concealed these facts from Plaintiff and instead misrepresented that the contract had been approved.

87. Plaintiff reasonably relied, to his detriment, on the negligent and/or reckless misrepresentations and concealments by Miracle Auto and accepted the contract, signed all the necessary documents, and took possession of the Chrysler.

88. As a proximate result of the negligent and/or reckless misrepresentation of Defendants, Plaintiff has suffered substantial actual damages in the loss of his rights under the sale, the time, energy and expense of negotiating the sale and purchasing the automobile, the value of the automobile, its loss of use, costs of cover, other benefits of ownership of the automobile, his loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial, enter judgment against Defendants, and each of them, for actual, liquidated, punitive, statutory damages; equitable relief; for reasonable attorney fees; pre-judgment and post-judgment interest; for the costs of litigation; and for such other and further relief under State and Federal law or, as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

89. Plaintiff re-alleges and incorporates by reference paragraphs 1-89 above with the same force and effect as if fully set out herein below.

90. Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

***/s/David Lee Hubbard***
David Lee Hubbard *ASB-7044-V68H*
Counsel for the Plaintiff

**OF COUNSEL:**
**HUBBARD LAW FIRM**
2301 Morris Avenue, Rm. 213
Birmingham, Alabama 35203
(205) 994-2252 *(office)*
(205) 994-6408 *(fax)*

**SERVE DEFENDANTS BY CERTIFIED MAIL**
**AT THE FOLLOWING ADDRESS:**

**MIRACLE AUTOMOTIVE GROUP**
9820 A Parkway E
Birmingham, Alabama 35215

**JERALD PIPPEN**
9820 A Parkway E
Birmingham, Alabama 35215